UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DERRIN DYSON,

                        Petitioner,                    **ORDER**
                                                                 20-CV-1916 (MKB) (LB)

            v.

MATTHEW THOMS, *Superintendent of Five Points Correctional Facility*,

                        Respondent.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Petitioner Derrin Dyson, proceeding *pro se* and currently incarcerated at the Five Points Correctional Facility in Romulus, New York, brings the above-captioned action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., Docket Entry No. 1.) Petitioner's grounds for relief arise from a judgment of conviction in New York Supreme Court, Kings County, (the "State Court"), for a criminal sexual act in the first degree in violation of New York Penal Law ("N.Y.P.L.") § 130.50(1), sexual abuse in the first degree in violation of N.Y.P.L. § 130.65(1); two counts of burglary in the first degree in violation of N.Y.P.L. § 140.30(1)(3); two counts of robbery with a deadly weapon in the first degree in violation of N.Y.P.L. § 160.15(2); two counts of robbery with use or threatened use of a dangerous instrument in the first degree in violation of N.Y.P.L. § 160.15(3); two counts of criminal possession of a weapon in the second degree in violation of N.Y.P.L. § 135.03(1)(3); two counts of unlawful imprisonment in the first degree in violation of N.Y.P.L. § 135.10; and two counts of criminal possession of stolen property in the first degree in violation of N.Y.P.L. § 165.40. (*Id.* at 1; Trial Transcript ("Tr.") 1136:20–1139:25, Docket Entry No. 7-1.) Petitioner alleges that: (1) the State Court's evidentiary ruling,

allowing the prosecution to introduce evidence of prior uncharged crimes to prove his identity as one of the perpetrators of the charged crime, denied him a fair trial; and (2) he was denied his Sixth Amendment right to confront the witness when the prosecution introduced DNA evidence through the testimony of a witness who did not conduct the DNA testing himself, and the Appellate Division unreasonably applied clearly established federal law when it ruled that admitting the testimony was harmless.  (Pet. 16–31.)  On May 20, 2021, the Court referred the petition to Magistrate Judge Lois Bloom for a report and recommendation.  (Order dated May 20, 2021.)  By report and recommendation dated October 13, 2021, Judge Bloom recommended that the Court deny the petition (the "R&R").  (R&R, Docket Entry No. 11.)  No objections to the R&R have been filed and the time for doing so has passed.

For the reasons set forth below, the Court adopts the R&R in its entirety and dismisses the petition.

**I.  Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision."  *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins.*

*Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)); *see also Gonzalez v. Lee*, No. 11-CV-5618, 2021 WL 2525398, at *3 (E.D.N.Y. June 21, 2021) (adopting an unopposed report and recommendation to deny a habeas petition).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

**II. Certificate of appealability**

Having denied the petition for a writ of habeas corpus, the Court denies a certificate of appealability for all of Petitioner's claims.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) Gov'g § 2254 Cases in U.S. Dist. Cts. A court must issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that a habeas petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "This threshold question should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). "Obtaining a certificate of appealability 'does not require a showing that the appeal will succeed,' and "[courts] should not decline the application . . . merely because [they] believe[] the applicant will not demonstrate an entitlement to relief." *Welch v. United States*, 578 U.S. 120, 127 (2016) (quoting *Miller-El*, 537 U.S. at 337). In fact, a certificate of appealability may issue even if "every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 327.

The Court denies a certificate of appealability as to Petitioner's claim that the State Court's evidentiary ruling denied him a fair trial because no reasonable jurist could find that the State Court's decision to admit evidence under a state evidentiary rule contravened clearly established federal law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991))). In addition, no reasonable jurist could conclude that the State Court's decision violated the Petitioner's constitutional rights because the State Court admitted the evidence for the limited purpose of identifying Petitioner as one of the perpetrators and limited the potential prejudicial effect of the evidence by holding it was inadmissible to show the Petitioner's criminal propensity. (Tr. 44:7–21.) *See Mercedes v. McGuire*, No. 08-CV-299, 2010 WL 1936227, at *7 (E.D.N.Y. May 12, 2010) (recommending dismissal of habeas petition and recognizing that the state court's "limiting instruction . . . lessens the potential prejudice of uncharged act evidence").

4

The Court likewise denies a certificate of appealability as to Petitioner's claim that the State Court's error in allowing the prosecution to introduce DNA evidence through the testimony of a witness who did not conduct the DNA testing himself was not harmless, as no reasonable jurist could find that the error deprived Petitioner of his constitutional right to a fair trial in light of the overall strength of the prosecution's case.[1]  *See United States v. Walsh*, 827 F. App'x 30, 34 (2d Cir. 2020) ("The principal factors for such an inquiry are the importance of the witness's wrongly admitted testimony and the overall strength of the prosecution's case." (quoting *United States v. Dukagjini*, 326 F.3d 45, 62 (2d Cir. 2003))).

### III. Conclusion

For the foregoing reasons, the Court adopts the R&R in its entirety and denies the

---

[1] In addition to the DNA witness' testimony, a codefendant testified that Petitioner participated in the robbery and the sexual assault. (Tr. 659:16–669:1; 684:11–14; 686:1–4; 701:9–11.)  In addition, a victim with first-hand knowledge provided testimony as to Petitioner's commission of the sexual crimes against her. (*Id.* at 972:3–982:5.)  Another victim testified that Petitioner came to his store to sell him the stolen electronics. (*Id.* at 823:1–832:1.)  The prosecution also introduced Petitioner's multiple incriminating Facebook posts which referred to the robbery in question. (*Id.* at 757:13–758:2; 759:18–785:5.)  A police officer testified that he found a gun in a codefendant's apartment and that codefendant testified that it was the gun used in the robbery. (*Id.* at 123:1–130:1.)  Another officer also testified that he found another victim's Movado watch in Petitioner's apartment. (*Id.* at 944:3–21.)  Moreover, the DNA evidence that the witness testified about was of limited use to the prosecution because it could not be used to determine when the sexual abuse occurred. (*Id.* at 647:4–648:5.)

5

petition.  The Court also denies a certificate of appealability for all claims.  The Clerk of Court is respectfully directed to mail a copy of the decision to Petitioner and close this case.

Dated: May 18, 2023
      Brooklyn, New York

                                        SO ORDERED:

                                        _/s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge